DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**SCOTT A. WEISS,**
Appellant,

v.

**ROBIN A. ABRAHAM,**
Appellee.

No. 4D2025-1962

[May 27, 2026]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Natasha DePrimo, Judge; L.T. Case No. 062022CP006555A001CE.

Scott A. Weiss and R. Daniel Sirois of Scott A. Weiss, P.A., Fort Lauderdale, for appellant.

No brief filed for appellee.

PER CURIAM.

This case concerns an attorney's entitlement to recover fees under section 744.108(1), Florida Statutes (2023), which provides: "A guardian, or an attorney who has rendered services to the ward or to the guardian on the ward's behalf, is entitled to a reasonable fee for services rendered and reimbursement for costs incurred on behalf of the ward."

On behalf of the appellee, Robin Abraham ("Robin"), appellant Scott Weiss petitioned for the appointment of an emergency temporary guardian ("ETG") for Joyce Olshen Abraham ("Joyce"), Robin's mother. The petition sought (1) the appointment of an attorney to represent Joyce in a summary proceeding on the petition and (2) the appointment of a plenary emergency temporary guardian for Joyce.

Appellant filed with the court a verified fact information sheet indicating that Robin was the petitioner in Joyce's guardianship case. Judge Nicholas Lopane appointed an attorney to represent Joyce.

After a December 29, 2022 hearing, Judge Lopane granted the petition to appoint an ETG, using the random process set up on the court's "wheel" system. This was apparently contrary to Robin's wish to be appointed as the ETG herself.

On February 8, 2023, with the court's approval, appellant withdrew from the case due to irreconcilable differences with Robin.

On February 27, 2023, Joyce died.

On March 3, 2023, appellant, as Robin's former counsel, filed a petition for an award of attorney's fees and costs pursuant to section 744.108(1), Florida Statutes (2023).

After a May 30, 2025 hearing, Judge Natasha DePrimo denied the petition for fees and costs, concluding that section 744.108(1) applied only to "attorneys who represent the ward, thus rendering services to the ward."

In sum, this case involves a situation where an ETG was appointed, but contrary to Robin's request for her own appointment as the ETG, the court appointed a neutral or independent ETG for the ward's person and property.

We agree with the Second District's analysis of section 744.108(1) in *In re Guardianship of Beck*, 204 So. 3d 143 (Fla. 2d DCA 2016).

The scenario here is similar to the facts in *Beck*. The *Beck* petitioner sought the appointment of a guardian of the person and property of the ward as well as the appointment of an ETG. *Id.* at 145–46. The trial court appointed an ETG of the ward's person and property. *Id.* at 146. The ward died before a determination of incapacity and the appointment of a plenary guardian was made. *Id.*

After the ward's death, the *Beck* petitioner's attorney sought reimbursement under section 744.108(1). *Id.* The trial court denied the fees request, ruling section 744.108(1) was "limited to situations where a judicial determination of incapacity is found by the court . . . and an appointment of a [plenary or limited] guardian over a ward is ordered." *Id.* at 147.

The Second District reversed the trial court, reasoning that, even though only an ETG was appointed, a proper view of section 744.108(1) was that the petitioner's counsel "might be entitled to fees to the extent that the petitioner's request for the determination of incapacity and the

2

appointment of the guardian redounds to the benefit of the ward—a party recognized under [section 744.108(1)]." *Id.* at 152. *Beck* remanded the case "for the trial court to consider whether any portion of that representation benefitted the ward—a category of represented person for which fees might be awarded under section 744.108(1)—such that he might be entitled to seek fees under the statute." *Id.*

As the Second District did in *Beck*, we reverse and remand to the circuit court to determine whether the appointment of the ETG redounded to the benefit of the ward. The court may also consider Robin's fact-based argument as to whether she had retained appellant as her attorney to seek the ETG. If the answer to both questions is yes, the court should determine the amount of reasonable attorney's fees and costs under section 744.108(2), Fla. Stat. (2023).

*Reversed and remanded with instructions.*

GROSS, MAY and KLINGENSMITH, JJ., concur.

\*　　\*　　\*

***Not final until disposition of timely-filed motion for rehearing.***

3